IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| PAUL GITTINGER, <br> TDCJ-CID NO. 792075, <br> Plaintiff, <br> <br> v. <br> <br> CAPTAIN WALLS, <br> Defendant. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | <br> <br> <br> <br> C.A. NO. C-05-024 |

**MEMORANDUM AND RECOMMENDATION
TO GRANT DEFENDANT'S MOTION TO DISMISS**

In this civil rights action, brought pursuant to 42 U.S.C. § 1983, plaintiff alleges that defendant violated his Fifth, Sixth, and Fourteenth Amendment rights because defendant, Captain Walls, deprived him of access to his legal materials. (D.E. 1, App., at 3). On September 15, 2005, defendant filed a motion to dismiss this action asserting that he was immune from civil liability. (D.E. 21).

Plaintiff moved the Court for a ninety-day stay in this case, to begin on October 4, 2005, due to his inability to file a timely response to defendant's motion to dismiss because there had been a prison lockdown for one week, and he was going to be released from prison on October 4, 2005. (D.E. 24). The undersigned magistrate judge denied plaintiff's motion for a stay because plaintiff's increased freedom should allow him to file a timely response to defendant's motion to dismiss. (D.E. 25). Plaintiff has failed to file a response to defendant's motion to

dismiss.[1]

For the reasons stated herein, it is respectfully recommended that defendant's motion to dismiss be granted, and that plaintiff's action be dismissed with prejudice.

## I. JURISDICTION

The Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343(a)(3).

## II. BACKGROUND

In this § 1983 action, plaintiff claims that defendant, an officer employed by the Texas Department of Criminal Justice, Correctional Institutions Division ("TDCJ-CID"), caused plaintiff to be separated from his legal work for six weeks. (D.E. 1, at 3). He argues that this denial of access to his legal work was a violation of his rights guaranteed by the Fifth, Sixth, and Fourteenth Amendments of the United States Constitution. (D.E. 1, App., at 3).

Plaintiff alleges that in January 2003, he was informed that he was going to be transferred. Id. at 2. He claims that he immediately protested due to the possibility of being separated from his legal materials. Id. He alleges that he requested to speak to a higher ranking officer. Id. Plaintiff claims that the higher ranking officer he spoke with was Captain Walls.

---

[1] Pursuant to Local Rule 7.4, failure to respond is taken as a representation of no opposition.

During the conversation with Captain Walls, plaintiff alleges that he informed him that he was currently engaged in litigation with Progressive County Mutual Insurance Company, and that he could not be legally separated from his legal work. <u>Id.</u> at 3. Defendant allegedly told plaintiff that he was just following orders, and that his order was to transfer plaintiff. <u>Id.</u> Plaintiff claims he was transferred, but was not allowed to personally transport his legal materials during the transfer. <u>Id.</u> He further claims that he was deprived of access to his legal work for six weeks. (D.E. 1, at 3).

In defendant's answer, he admits that plaintiff is an inmate in the care and custody of TDCJ-CID. (D.E. 13, at 1). Defendant also admits that he is employed by TDCJ-CID, which is an entity of the State of Texas. <u>Id.</u> He denies, however, that he acted to engage in illegal conduct that injured plaintiff, or that he was responsible for plaintiff being denied access to his legal work for six weeks. <u>Id.</u> at 2. Defendant further asserts that even if he had violated plaintiff's rights, he is immune from liability because he was acting in his official capacity, and that his actions were reasonable. Consequently, he argues that he is entitled to qualified immunity. (D.E. 21, at 3-4).

### III.  DISCUSSION

A.     **Motion To Dismiss Standard of Review.**

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes courts to dismiss claims on the basis of dispositive law.  Fed. R. Civ. P. 12(b)(6); Neitzke v. Williams, 490 U.S. 319, 326 (1989) (citations omitted).  When ruling on a Rule 12(b)(6) motion to dismiss, a court must accept the plaintiff's factual allegations as true, and view these allegations in a light most favorable to the plaintiff.  Capital Parks, Inc. v. Southeastern Adver. & Sales Sys. Inc., 30 F.3d 627, 629 (5th Cir. 1994) (citation omitted); Cinel v. Connick, 15 F.3d 1338, 1341 (5th Cir. 1994).  Indeed, a court should not look beyond the pleadings.  McCartney v. First City Bank, 970 F.2d 45, 47 (5th Cir. 1992).

A Rule 12(b)(6) motion should not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which entitle him to relief."  Conley v. Gibson, 355 U.S. 41, 45-46 (1957); accord Mitchell v. McBryde, 944 F.2d 229, 230 (5th Cir. 1991) (quoting Conley).  Thus, the central question before the Court is whether the plaintiff's complaint states any valid claim for relief.  See Conley, 355 U.S. at 45-46; Mitchell, 944 F.2d at 230; Lowrey v. Tex. A & M Univ. Sys., 117 F.3d 242, 247 (5th Cir. 1997).

### B. Qualified Immunity.

#### 1. Factors To Consider In Analyzing Defense Of Qualified Immunity.

A defendant, despite his or her involvement in constitutionally impermissible conduct, may be immune "from liability for civil damages if their actions did not violate 'clearly established statutory or constitutional rights of which a reasonable person would have known.'" Hope v. Pelzer, 536 U.S. 730, 739 (2002) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)); see also Mace v. City of Palestine, 333 F.3d 621, 623 (5th Cir. 2003) ("Qualified immunity protects officers from suit unless their conduct violates a clearly established constitutional right."). This qualified immunity operates to ensure that before government officials can be held civilly liable that these officials have notice that their conduct is unlawful. Id. (citations omitted).

The qualified immunity determination involves a two-step analysis. First, a court must determine if "[t]aken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right?" Saucier v. Katz, 533 U.S. 194, 201 (2001). The first prong of the qualified immunity determination is a threshold question. The Supreme Court has held that "[i]f no constitutional right would have been violated were the allegations established, there is no necessity for further inquiries concerning qualified immunity." Id. Second, if a court does find that the alleged conduct violated a

constitutional right, then the court must determine whether the constitutional right was clearly established, see id., to the extent that a "reasonable official would understand that what he is doing violates that right." Id. at 202; see also Mace, 333 F.3d at 623-24.

Qualified immunity protects officers from liability "in their individual, not their official, capacities." Foley v. Univ. of Houston Sys., 355 F.3d 333, 337 (5th Cir. 2003) (citation omitted). Once "a defendant invokes qualified immunity, the burden is on the plaintiff to demonstrate the inapplicability of the defense." McClendon v. City of Columbia, 305 F.3d 314, 323 (5th Cir. 2002) (en banc) (per curiam) (citation omitted). The Fifth Circuit has noted that it has "consistently held that plaintiffs who invoke § 1983 must plead specific facts that, if proved, would overcome the individual defendant's immunity defense; complaints containing conclusory allegations, absent reference to material facts, will not survive motions to dismiss." Geter v. Fortenberry, 849 F.2d 1550, 1553 (5th Cir. 1988) (emphasis added) (citing Elliott v. Perez, 751 F.2d 1472, 1479 & n.20 (5th Cir. 1985)).

  **2. Qualified Immunity And Denial Of Access To Courts.**

    **a. Constitutional Violation.**

Plaintiff contends that he was denied his constitutional right of access to his legal work. (D.E. 1, at 3). Plaintiff alleges that defendant unconstitutionally separated him from his legal work for a period of six weeks. Id. Plaintiff,

however, does not specify what legal materials he was denied, or the exact nature of his pending litigation against Progressive County Mutual Insurance Company. (D.E. 1, App., at 3).

The Supreme Court has held that inmates have a protected constitutional right of access to the courts, which prohibits "state officials from actively interfering with inmates' attempts to prepare legal documents." Lewis v. Casey, 518 U.S. 343, 350 (1996) (citations omitted). This right of access to the courts, however, does not require the State to enable inmates "to *discover* grievances, and to *litigate effectively* once in court," because "[t]o demand the conferral of such sophisticated legal capabilities upon a mostly uneducated and indeed largely illiterate prison population is effectively to demand permanent provision of counsel, which we do not believe the Constitution requires." Id. at 354 (citations omitted) (italics in original).

Furthermore, in order for plaintiff to state a claim that he was denied his constitutional right of access to the courts, he must "demonstrate[] that his position as a litigant was prejudiced by his denial of access to the court." Eason v. Thaler, 73 F.3d 1322, 1328 (5th Cir. 1996) (per curiam) (emphasis added) (citing Walker v. Navarro County Jail, 4 F.3d 410, 413 (5th Cir. 1993)). The actual injury requirement is "not satisfied by just any type of frustrated legal claim." Lewis, 518 U.S. at 354. The Supreme Court, in its discussion of the actual injury requirement

of the right of access to the courts, held that:

> The tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any *other* litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.

Id. at 355 (italics in original). It further held that the right of access to the courts "does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims." Id.

Plaintiff has failed to provide any facts concerning the specific legal work he was denied access to, or how that denial resulted in an actual injury. He offers no facts to establish that his legal position as a litigant in any proceeding was prejudiced by the actions of the defendant. It is respectfully recommended that his complaints appear to be wholly conclusory and speculative. Where a plaintiff fails to show a constitutional right has been violated, no further inquires are required by a court where the defendant has asserted qualified immunity. See Saucier, 533 U.S. at 201.

Therefore, because it appears that plaintiff has failed to plead specific facts that overcome the presumption of defendant's qualified immunity, it is respectfully recommended that the Court find that plaintiff has failed to state a claim upon

which relief can be granted.

### b. Objective Reasonableness In Light of Clearly Established Law.

Even if the Court were to find that plaintiff sufficiently established a claim of denial of access to his legal work, it is respectfully recommended that the Court deny plaintiff's request for relief because he has not shown defendant's actions were unreasonable.

Under the second step of the qualified immunity analysis, "[t]he relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." Saucier, 533 U.S. at 202 (citing Wilson v. Layne, 526 U.S. 603, 615 (1999)). Even officers who interpret the law mistakenly but reasonably are entitled to immunity. See Anderson v. Creighton, 483 U.S. 635, 641 (1987).

Plaintiff has not alleged any facts that defendant's action were unreasonable. He has indicated that defendant stated that he was just following orders that plaintiff be transferred. (D.E. 1, App., at 3). Indeed, inmates do not have a right to a particular classification and may be transferred. See Sandin v. Conner, 515 U.S. 472, 485-86 (1995) (constitutional protections attach to those conditions that affect the length or duration of a prisoner's sentence and not a mere change in the quality of confinement). Because plaintiff has also failed to show that defendant's actions were objectively unreasonable in the face of a clearly established constitutional

9

right, it is respectfully recommended that the Court find that defendant is entitled to qualified immunity.

## C.     Eleventh Amendment Immunity.

The Eleventh Amendment establishes that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."  U.S. Const. amend. XI.

A suit for damages against an official in his official capacity is not considered a suit against that person, but is to be construed by courts as a suit against the state.  Hafer v. Melo, 502 U.S. 21, 25 (1991) (citing Kentucky v. Graham, 473 U.S. 159, 166 (1985)); Ganther v. Ingle, 75 F.3d 207, 209 (5th Cir. 1996) (per curiam).  More specifically, the Fifth Circuit has held that the Eleventh Amendment bars prisoner's civil rights suits for money damages against TDCJ-CID officials in their official capacities.  Oliver v. Scott, 276 F.3d 736, 742 & n.5 (5th Cir. 2002) (citations omitted).

To the extent that plaintiff is suing Captain Walls in his official capacity for damages, it is respectfully recommended that the Court find that he is entitled to Eleventh Amendment immunity, and dismiss plaintiff's claim.

## IV. **RECOMMENDATION**

For the foregoing reasons, it is respectfully recommended that the claim against defendant in his official capacity be dismissed as barred by the Eleventh Amendment. It is further respectfully recommended that plaintiff's claim of denial of access to legal work against defendant, in his individual capacity, be dismissed for failure to state a claim. Finally even if the Court finds that plaintiff has stated a claim of denial of access to legal work against defendant, it is respectfully recommended that the Court dismiss plaintiff's claim because plaintiff has failed to overcome defendant's entitlement to qualified immunity.

Respectfully submitted this 15th day of November 2005.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(C), Rule 72(b) of the Federal Rules of Civil Procedure, and Article IV, General Order No. 80-5, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error*, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).